```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DIANNE DENGEL, an individual,

                         Plaintiff,          06-CV-6279

              v.                             DECISION
                                             and ORDER
GREGORY DEARDEN, and WEATHERGUARD
CONSTRUCTION INC. d/b/a WEATHERGUARD
ROOFING,

                         Defendant.
_____
```

## INTRODUCTION

Plaintiff, Dianne Dengel, ("plaintiff") brings this action for copyright infringement against defendants Gregory Dearden ("Dearden") and Weatherguard Construction Inc. d/b/a Weatherguard Roofing ("Weatherguard") (collectively "defendants") seeking to recover statutory damages plus attorneys' fees and costs as well as injunctive relief. Plaintiff moves for default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. Because plaintiff's damages are not pursuant to a debt or sum certain, plaintiff requests that this Court conduct a hearing to ascertain the amount of damages to which she is entitled before a default judgment is entered. The plaintiff also requests this Court to enjoin defendants from continued and willful infringement of plaintiff's copyright. Also for determination is defendants' cross-motion to vacate the entry of default entered by the Clerk of the Court on July 11, 2006.

For the reasons set forth below, plaintiff's motion for default judgment is denied and defendants' cross-motion to vacate entry of default is granted.

## BACKGROUND

Plaintiff filed a complaint in this Court on June 8, 2005 alleging copyright infringement against defendants Gregory Dearden and Weatherguard Construction Inc. d/b/a Weatherguard Roofing. On July 10, 2006, plaintiff sought the entry of default as against defendants for their failure to answer the complaint. On the same day, plaintiff filed a Return of Summons alleging that defendants were served by leaving a copy of the Summons and Complaint with Mr. Howard Hang [Han] at Weatherguard's office in El Monte, California on June 12, 2006. However, plaintiff's Return of Summons does not allege that she completed service on Dearden by also mailing a copy of the Summons and Complaint to him. Dearden, the President of Weatherguard, a small family business, was out of town on vacation from June 6, 2006 until July 5, 2006. Upon finding the Summons and Complaint on July 10, 2006, he immediately faxed a copy to his general and corporate counsel, Christian F. Paul.

On July 11, 2006, Mr. Paul wrote to plaintiff's counsel advising that Dearden just returned from vacation and requested that plaintiff allow defendants the opportunity to answer and vacate any default that may have been entered. That same day, the Clerk of the Court made an entry of default against defendants. On July 14, 2006, plaintiff's counsel wrote to Mr. Paul advising that plaintiff would not agree to vacate the Entry of Default. On July

21, 2006, plaintiff moved for default judgment based on defendants' failure to timely respond to the Complaint. Defendants filed a cross-motion to vacate the Entry of Default and an opposition to plaintiff's motion for a grant of a default judgment on grounds that the default was not willful; that defendants have a meritorious defense and no prejudice will result to plaintiff if default is vacated. Plaintiff opposes defendant's motion.

## DISCUSSION

### I.   Plaintiff's Motion for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure, which governs the entry of a default judgment, sets forth a two-step process by which a plaintiff may secure a default judgment against a defendant. Fed.R.Civ.P. 55(a). "[F]irst, a party moving for default judgment must obtain an Entry of Default from the Clerk of the Court pursuant to Fed.R.Civ.P. 55(a) and, second, the moving party must seek a default from the...Court." DIRECTV, Inc. V. Arnold, 392 F.Supp. 2d 415, 416, (N.D.N.Y. 2005). Plaintiff moves for default judgment in its favor pursuant to Rule 55 claiming that defendants failed to file an answer or otherwise respond to plaintiff's complaint in a timely manner and the Clerk of the Court has already filed an Entry of Default.

Plaintiff argues that default is proper since defendants' first contact with plaintiff requesting an extension of time to answer and to vacate any Entry of Default was on July 11, 2006, "a full eight days after Defendants' Answer was due." See Plaintiff's

Reply Memo of Law at 2. Further, plaintiff asserts that defendants did not request an extension of time to answer the complaint until after the Answer was due. Moreover, plaintiff contends that she would have had the absolute right to deny an extension whether defendants contacted plaintiff to request such an extension <u>before</u> or <u>after</u> defendants' Answer was due. <u>See</u> <u>id.</u> Thus, plaintiff claims that this Court should grant her motion for default judgment.

Default judgments are, however, disfavored. <u>See</u> <u>Pecarsky v. Galaxiworld.Com Ltd.</u>, 249 F.3d 167, 174 (2d Cir.2001) ("A clear preference exists for cases to be adjudicated on the merits."); <u>Shah v. N.Y. State Dept. of Civil Serv.</u>, 168 F.3d 610, 615 (2d Cir. 1999). The Court prefers a liberal construction of Rule 55 because it is preferable to resolve disputes based on the merits of the case, rather than on the procedural technicalities. <u>See</u> <u>Richardson Greenshields Sec., Inc., v. Int'l Petroleum Corp</u>., 1985 WL 480 at * 3 (S.D.N.Y. 1985). Whether or not default judgment should be entered is a decision that is left to the sound discretion of the Court. <u>See</u> <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980).

Here, once Dearden received a copy of the complaint, he faxed it to his counsel who immediately contacted plaintiff's attorney and requested an extension of time to answer and a stipulation to vacate any default that may have been entered. This exchange occurred in July 2006, just several days after defendants' Answer was due. However, plaintiff refused to vacate the entry of default, thus forcing both parties to expend more time and resources to file motions that do not resolve the merits of this copyright

infringement case. Because of a well established preference for a liberal construction of Rule 55, plaintiff's motion for default judgment is denied.

## II. **Defendants' Cross-Motion To Vacate The Entry Of Default**

Rule 55 of the Federal Rules of Civil Procedure provides that the Court may set aside an entry of default "for good cause shown." See Fed. R. Civ. P. 55(c). "When deciding whether to relieve a party from default or default judgment, [the Court] consider[s] the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." See Pecarsky, 249 F.3d at 171. Any doubt should be resolved in favor of the defaulting party. See Powerserve Int'l, Inc. v. Lavi, 239 F.3d 508, 514 (2d Cir. 2001).

### A. **Willfulness**

The Second Circuit has held that a finding of willfulness is properly based on egregious or deliberate conduct. See Am. Alliance Ins. Co. v. Eagle Ins. Co., 92 F.3d 57, 61 (2d Cir.1996). "Gross negligence can weigh against the party seeking relief from a default judgment, though it does not necessarily preclude relief." Id. In this case, defendants' answer was due on July 3, 2006. Defendants admittedly did not answer plaintiff's complaint by that date. However, in an affidavit submitted in support of its cross-motion, Dearden, as President of Weatherguard, represents that its failure to respond in a timely fashion was not willful but rather inadvertent due to the fact that he was out of town when the Summons and Complaint was left at Weatherguard's place of business.

Dearden was on vacation from June 6, 2006 through July 5, 2006. When he returned to his office, he went through his stack of accumulated mail and on July 10, 2006 he discovered a copy of the Summons and Complaint that had been left with the company's office manager on June 12, 2006. He immediately forwarded a copy of the complaint to his attorney Mr. Paul. On July 11, 2006, Mr. Paul requested an extension of time from plaintiff's attorney to Answer the complaint or in the event plaintiff already obtained Entry of Default, a stipulation to set aside the Entry of Default. Plaintiff's attorney did not consent to defendants' request, which was made just one week after the Answer was due. Defendants claim that plaintiff tried to leverage the situation to her advantage and suggested that defendants settle the matter for a considerable amount. However, on the same day of defendants' request for an extension, the Court entered the default at plaintiff's request.

Defendants' explanation supports a conclusion that they did not have appropriate communication procedures in place between office personnel and Dearden when legal documents commencing litigation are served upon them. It is not, however, indicative of willful evasion of a duty to respond, or of egregious or deliberate conduct ignoring the service of process, that would support a finding of willfulness for purposes of supporting a motion for default judgment. See Brien v. Kullman Indus., Inc., 71 F.3d 1073, 1078 (2d Cir.1995) (refusing to find willfulness where defendant failed to file Answer because it received misinformation from clerk's office regarding docket number); Standard Enter. v. Bag-It,

Inc., 115 F.R.D. 38, 39 (S.D.N.Y. 1987)(Court concluded "it would be going too far to call the default 'willful,' particularly giving the dispatch with which [defendants] and counsel acted once they finally learned that [defendant] was being sued.")

**B.    Meritorious Defense**

In seeking relief from a default judgment, the defendant must present a meritorious defense which "is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." Pecarsky, 249 F.3d at 173 (internal quotation omitted). Here, defendants argue, citing Fed. R. Civ. P. 4(e)[1] and New York CPLR § 308(2)[2] that although Weatherguard may have been properly served, Dearden was not, and thus any personal judgment rendered against him would be void. See Defts. Mem. of Law, at 5. Moreover, defendants claim that even if they were properly served, this Court would not have personal jurisdiction over defendants under either CPLR § 302(a)(3), § 302(a)(2), § 302(a)(1) or § 301. See Id. Because such arguments bear directly to the power of this Court to adjudicate plaintiff's claims, it is sufficient to constitute a meritorious defense for purposes of default judgment analysis. Fed. R. Civ. P. 12(h)(1).

---

[1] Rule 4(e) provides that if service is not made personally upon an individual, it must be made pursuant to the law of the state in which the district court is located, or in which service is effected.

[2] CPLR 308(2) permits service by delivering the summons to "a person of suitable age and discretion at the actual place of business ... of the person to be served," but also requires that a copy of the summons be mailed to the person at his home or office within 20 days of each other.

Defendants also represent that it has defenses going to the merits of the underlying copyright infringement claim. Defendants assert that plaintiff's artwork did not contain a valid copyright notice as required by the Copyright Act as it existed at the time plaintiff's artwork was published. Further, the image that appeared on Weatherguard's website was registered with the U.S. Copyright Office and is <u>prima facie</u> evidence of its validity and constitutes a complete defense until and unless rebutted. <u>See</u> <u>Boisson v. Banian, Ltd.</u>, 273 F.3d 262, 268 (2d Cir. 2001). Further, the likelihood of success of the proffered defense alone is not the determining criterion in weighing the question of whether a defense that merits adjudication has been asserted.

### C. Prejudice To Plaintiff

Plaintiff makes no argument that it would be prejudiced if the Court were to refuse to enter default judgment and, indeed, this Court finds that there is no basis for such an argument. At most, plaintiff may argue that it was inconvenienced by the delay, but delay alone is an insufficient basis for a finding of prejudice. <u>See</u> <u>Davis v. Musler</u>, 713 F.2d 907, 916 (2d Cir.1983). The delay must "result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." <u>See</u> <u>Id.</u> (internal quotation omitted). Plaintiff has not asserted that such difficulties would burden this litigation if this Court did not enter a default judgment.

## **CONCLUSION**

For the reasons set forth above, I deny plaintiff's motion for default judgment. Defendants' cross-motion to vacate the entry of default is granted. Defendants shall have 20 days from the date of this order in which to file an Answer or otherwise respond to plaintiff's complaint.

ALL OF THE ABOVE IS SO ORDERED.

                                           s/Michael A. Telesca
                                              MICHAEL A. TELESCA
                                    United States District Judge

Dated:     Rochester, New York
          February 9, 2007